UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO S.,[1]<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　Defendant. | Case No.: 24-cv-02354-MMP<br><br>**ORDER:**<br>**1. DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**2. DISMISSING PLAINTIFF'S COMPLAINTS WITHOUT PREJUDICE**<br><br>[ECF No. 2] |

On December 16, 2024, Alfonso S. ("Plaintiff") filed this action pro se. Plaintiff consented to Magistrate Judge jurisdiction. [ECF No. 4.] As best the Court can tell, Plaintiff

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

disputes he owes Defendant several thousand dollars for a period during which he received Supplemental Security Income ("SSI") despite being ineligible. [ECF No. 1.] Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). [ECF No. 2.] The Court **DENIES** the motion for leave to proceed IFP **without prejudice** and **DISMISSES** the complaint(s)[2] **without prejudice**.

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[3] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous

---

[2] Though docketed as one entry, Plaintiff has improperly filed two complaints in this action. [ECF Nos. 1, 1-2.]

[3] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts as to the affiant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not satisfied his burden of demonstrating he is entitled to IFP status. First, his IFP application is internally inconsistent. According to his application, Plaintiff's total monthly income is $1,083.00. [ECF No. 2 ¶ 1.] Plaintiff represents he does not expect any changes to his monthly income during the next twelve months. [ECF No. 2 ¶ 9.] However, his application also states he expects his next month's income will be $0.00, which would be a change. [ECF No. 2 ¶ 1.]

Second, Plaintiff's IFP application appears to be inconsistent with his complaints. [ECF Nos. 2, 1.] Plaintiff has filed two complaints in this action. [ECF Nos. 1, 1-2.] In one complaint, Plaintiff alleges as of December 2019, he was receiving $715.72 per month in SSI benefits. [ECF No. 1 at 6.] However, in his IFP application, Plaintiff says he currently receives $577 per month in SSI benefits. [ECF No. 2 ¶ 1.] Plaintiff claims Defendant is currently wrongfully withholding $118.29 from his SSI benefits each month, but $715.72 minus $118.29 does not equal $577.00. Moreover, the Court can reasonably assume Plaintiff's SSI benefit has increased over the last five years, considering SSI increases yearly to accommodate cost of living increases.[4] Plaintiff's unexplained decrease in SSI benefits over the past five years gives the Court pause.

Based on the information currently before the Court, the Court finds Plaintiff has not met his burden of demonstrating "with some particularity, definiteness and certainty" he is entitled to IFP status. *See McQuade*, 647 F.2d at 940. Thus, the Court **DENIES** Plaintiff's motion **without prejudice.**

---

[4] The Cost-of-Living Adjustments for the period of 2020 through 2024 were as follows: 1.3%, 5.9%, 8.7%, 3.2%, and 2.5%. SOCIAL SECURITY ADMINISTRATION, https://www.ssa.gov/oact/cola/colaseries.html (last visited Feb. 3, 2025).

## II. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory sua sponte screening by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Norris v. Kijakazi*, No. 23-cv-432-BLM, 2023 WL 2518870, at *2 (S.D. Cal. Mar. 13, 2023). A complaint should be dismissed sua sponte if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126. Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Giselle N. v. Kijakazi*, No. 23-cv-04293-PHK, 2023 WL 6307947, at *1 (N.D. Cal. Sept. 26, 2023).

Effective December 1, 2022, the Federal Rules of Civil Procedure were amended to include the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules"). The Supplemental Rules govern social security actions and "establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record. . . ." Fed. R. Civ. P. Supp. Soc. Sec. R. 2022 Advisory Committee's Note.

Supplement Rule 2(b)(1) provides that the complaint must:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). "The elements of the claim for review are adequately pleaded under Rule 2(b)(1)(B), (C), (D), and (E)." *Id.*, 2022 Advisory Committee's Note.

Plaintiff meets some, but not all, of the Supplemental Rule 2(b)(1) requirements—and only if the Court cobbles together his two complaints. If the Court reviews both complaints together, Plaintiff potentially identifies the final decision to be reviewed as a denial from an Administrative Law Judge ("ALJ") decision on May 8, 2024, which the Appeals Council denied further review; identifies Plaintiff by name as the person on whose wage record benefits are claimed; states Plaintiff lives in Imperial County, California; and identifies the type of benefits claimed as supplemental security income benefits. [ECF No. 1 at 1, 5–6; ECF No. 1-2 at 4.]

But Plaintiff's complaints do not expressly state this action is brought under § 405(g). While understandable given Plaintiff's pro se status, this requirement is of importance here when it is unclear Plaintiff *intends* to bring a case under 42 U.S.C. § 405(g). There are three factors obfuscating Plaintiff's intention: (1) he filed multiple complaints listing different defendants throughout, (2) he does not identify what laws or rights he claims were violated, and (3) it is unclear whether he takes issue with the amount to be withheld, when withholding commenced, or some other procedural deficit in the recoupment process.

First, Plaintiff has filed two complaints. The first is a regular "Complaint for a Civil Case." [ECF No. 1 at 1.] The second is a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision." [ECF No. 1-2 at 1.] Filing two complaints in a single action—absent amendment—is impermissible. Additionally, the two complaints create ambiguity as to whom Plaintiff is suing. In the first complaint, Plaintiff names the defendant as "Social Security Administration in El Centro, CA" on page 1, as "Social Security Administration" on pages 2 and 8, and as "Social Security Administration Representatives in El Centro, CA" on pages 5 and 6. In the second (Social Security) complaint, Plaintiff names Defendant as "Jonathan Dyer." [ECF No. 1-2 at 1, 2.] Jonathan Dyer is not, nor has he ever been, the Commissioner of the Social Security Administration. Plaintiff will need to file a single amended complaint to bring his claim(s) before the Court, and he will need to clearly state who he intends to sue.

1    Second, Plaintiff does not identify what laws or rights he claims were violated.
2  Because Plaintiff has filed a "Complaint for Review of a Social Security Disability or
3  Supplemental Security Income Decision," one might assume he seeks to challenge the
4  ALJ's decision. [ECF No. 1-2 at 1.] Plaintiff has included his Notice of Appeals Council
5  Action, which also suggests he wants the Court to review the ALJ's decision. [ECF No. 1-
6  2 at 4.] Yet Plaintiff has not named the Commissioner as a defendant, nor has he identified
7  any error in the ALJ's decision.

8    Moreover, the only factual context for his claims comes from his regular civil
9  complaint. [ECF No. 1.] Both Plaintiff's claims in that complaint are based on
10 "administrative negligence, and or [sic] their clerical error, confusion, [and] omission by
11 not duly following up." [ECF No. 1 at 5, 6.] Plaintiff attributes the "administrative
12 negligence" disrupting his receipt of benefits to "The Social Security Administration
13 Representatives in el [sic] Centro, CA." [*Id.*] From this, it appears Plaintiff does not want
14 to challenge the ALJ's decision but rather the actions of individual employees of the El
15 Centro Social Security office. [ECF No. 1-2.]

16   Under 42 U.S.C. § 405(h), "[n]o findings of fact or decision of the Commissioner of
17 Social Security shall be reviewed by any person, tribunal, or governmental agency except
18 as herein provided," and 42 U.S.C. § 405(g) designates "the district court[s] of the United
19 States" as the proper place for such review. But this suit has not been brought against the
20 Commissioner, and the Court's authority to hear a benefits eligibility-based
21 "administrative negligence" claim against unnamed, individual employees of the El Centro
22 office of the Social Security Administration is unclear. *See Keesing v. Apfel,* 124 F. Supp.
23 2d 134, 135 (N.D.N.Y. 2000) (finding "[t]he only proper defendant in an action
24 under section 405(g) is the Commissioner of Social Security" and dismissing the plaintiff's
25 claims against the New York Region of the Social Security Administration and District
26 Manager of the Syracuse Local Office of the Social Security Administration); *Balser v.*
27 *Dep't of Just.*, 327 F.3d 903, 907 (9th Cir. 2003) ("In sovereign immunity analysis, any
28

lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.").

Third, the parameters of Plaintiff's claims are unclear. Plaintiff either takes issue with the amount to be withheld, when withholding commenced, or perhaps some other procedural issue. Plaintiff says "SSA R[e]presentatives starting on [J]une 2024, should not have hold [sic] back such monthly amount of money, because the APPEALS Council took the denial decision until October 7, 2024." [ECF No. 1 at 6.] But Plaintiff also recounts a conversation he had with "[t]he SSA Representative" wherein Plaintiff said he should not owe anything "because Claimant does not recognize any debt with the Social Security Administration." [*Id.*] It is unclear to the Court whether Plaintiff disputes owing any debt to the Social Security Administration or whether he thinks the Administration's method or timing of recoupment was improper.

Courts must liberally construe pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Yet, the Court cannot manufacture a claim for Plaintiff. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). There is too much ambiguity in this case for the Court to allow it to pass screening. There are two complaints, inconsistent defendants, a dearth of information regarding what laws or rights Plaintiff claims were violated, and genuine questions about this Court's jurisdiction.

After reviewing Plaintiff's complaints pursuant to its sua sponte screening, the Court finds Plaintiff's complaints insufficient to survive a § 1915(a) screening.

## III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.     The Court **DENIES without prejudice** Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2].

2.     **On or before March 31, 2025**, Plaintiff must either (1) pay the requisite filing fee or (2) file a renewed motion to proceed in forma pauperis providing full and accurate information.

3. The Court **DISMISSES without prejudice** Plaintiff's complaints [ECF No. 1] with leave to amend.

4. **On or before March 31, 2025**, Plaintiff must file a **single** amended complaint consistent with this Order.

5. Failure to timely file an amended complaint, to comply with this Order, or to remedy the deficiencies identified herein may result in this case being dismissed without further notice.

**IT IS SO ORDERED**.

Dated: March 10, 2025

*[signature]*
HON. MICHELLE M. PETTIT
United States Magistrate Judge