UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO S.,[1] <br><br>                             Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br>                             Defendant. | Case No.: 24-cv-02354-MMP <br><br> **ORDER:** <br><br> **1. GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND** <br><br> **2. SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)** <br><br> [ECF No. 7] |

On December 16, 2024, Alfonso S. ("Plaintiff") filed this action pro se. Plaintiff consented to Magistrate Judge jurisdiction. ECF No. 4.

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

1

When Plaintiff initially filed this action, he included two complaints and a motion to proceed in forma pauperis. ECF Nos. 1, 2. The Court denied Plaintiff's initial IFP motion because his IFP application was internally consistent (and inconsistent with his complaints). ECF No. 6 at 2–3. The Court also dismissed Plaintiff's initial complaints for failure to pass screening under 28 U.S.C. § 1915. ECF No. 6 at 4–6. The Court noted, among other problems, that Plaintiff's filings listed multiple defendants throughout, did not identify what laws or rights he claimed were violated, and did not make clear the basis of his suit—error in the ALJ's decision, the amount of Plaintiff's Supplemental Security Income (SSI) withheld, when SSI withholding commenced, or something else about the SSI recoupment process. ECF No. 6 at 5.

The Court directed Plaintiff to: (1) either pay the filing fee or file a renewed motion to proceed IFP and (2) to file a single amended complaint consistent with the Court's Order. ECF No. 6 at 7–8. In response to the Court's Order, Plaintiff filed a renewed motion to proceed IFP and an amended complaint. ECF Nos. 7–8.

For the reasons set forth below, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP. ECF No. 7.

**I.  MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts as to the affiant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff's renewed motion to proceed IFP clarifies the Court's questions about his prior application. First, Plaintiff's statement as to his average monthly income and his income expected next month are now consistent,[3] and he indicates he does not expect any major changes to his monthly income during the next twelve months. ECF No. 7 ¶ 1–2, 9. Additionally, Plaintiff's IFP application now accords with his complaint. Plaintiff's amended complaint shows his Social Security income dropped from $715.72 to $0.00 in

---

[3] The Court notes there is still an inconsistency between the supplemental documentation Plaintiff attaches to his IFP motion and his claimed Social Security income. *Compare* ECF No. 7 at 9 (indicating monthly Social Security income of $659.65) *with* ECF No. 7 at 3 (indicating monthly Social Security income of $625.00). Plaintiff's handwritten note "[b]ecause of this year [sic] adjustment" may explain the discrepancy. ECF No. 7 ¶ 1. Regardless, the Court finds this potential discrepancy negligible for purposes of determining Plaintiff's IFP status.

May 2017, and Plaintiff explains he had not intended to imply in his initial complaint he was currently receiving $715.72 less $118.29 in withholding. ECF No. 7 at 1, 9.

Armed with this clarifying information, the Court can assess Plaintiff's IFP status. Plaintiff's income only outweighs his expenses by a narrow margin, and Plaintiff does not have any meaningful savings. ECF No. 7 at 3, 5–6. Based on the information currently before the Court, the Court finds Plaintiff has met his burden of demonstrating "with some particularity, definiteness and certainty" he is entitled to IFP status. *See McQuade*, 647 F.2d at 940. Thus, the Court **GRANTS** Plaintiff's motion.

## II.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2) AND § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory sua sponte screening by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Norris v. Kijakazi*, No. 23-cv-432-BLM, 2023 WL 2518870, at *2 (S.D. Cal. Mar. 13, 2023). A complaint should be dismissed sua sponte if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126. Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Giselle N. v. Kijakazi*, No. 23-cv-04293-PHK, 2023 WL 6307947, at *1 (N.D. Cal. Sept. 26, 2023).

Plaintiff has filed a single amended complaint, as directed by the Court, which corrects deficiencies in his previous complaint and complies with Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). ECF No. 8. In his amended complaint, Plaintiff sues the Commissioner of the Social Security Administration,[4] a proper party, for review of a decision regarding Supplemental Security Income under Title XVI of the Social Security

---

[4] Plaintiff sued Martin O'Malley as Commissioner. Though Martin O'Malley is no longer Commissioner, Commissioner Frank Bisignano will be substituted under Fed. R. Civ. P. 25(d).

Act. ECF No. 8 at 3, 4. Plaintiff has identified what he perceives as legal error by the ALJ. ECF No. 8 at 7–8. Plaintiff's amended complaint therefore resolves the Court's prior concerns about ambiguity as to what sort of action Plaintiff is trying to bring and against whom. Additionally, Plaintiff's amended complaint provides his name and county of residence and specifies his suit concerns his own entitlement to Supplemental Security Income. ECF No. 8 at 4, 8, 18.

While Plaintiff's amended complaint is not a model of clarity, courts must liberally construe pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). After reviewing Plaintiff's amended complaint pursuant to its sua sponte screening, the Court finds Plaintiff's amended complaint sufficient to survive a § 1915(a) screening.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's renewed motion to proceed in forma pauperis. ECF No. 7.

The Court hereby **DIRECTS** the Clerk to substitute Commissioner Frank Bisignano as Defendant under Fed. R. Civ. P. 25(d).

**IT IS SO ORDERED**.

Dated: August 8, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge